Scire facias sur mechanic lien claim. The account for materials furnished on the credit of the buildings stated had been duly filed with their affidavit by the plaintiffs in the office of the prothonotary, and had been met at the term with an affidavit of defence filed by the defendant. A portion of the account as it had been kept and stated by them from their book of accounts had been paid by the defendant to them, and released by them to him.
Nields for the defendant on the trial after the evidence had closed contended that inasmuch as it was provided under the 3d section of the act of assembly in relation to mechanic lien claims passed March 20, 1879, it is provided that if judgment *Page 567 
be for the plaintiff the time to which the lien of it is to relate back must be ascertained and made a part of the judgment when it is entered, and as it appeared that the plaintiffs have set forth in the statement of their claim that the time when they commenced furnishing said materials was on the 3d day of October, 1881, they will not be allowed at the trial to contradict or alter it and prove that they commenced furnishing on any day prior to, or subsequent to the day set forth under their solemn affidavit in the statement of their claim; and if the jury should believe from the evidence in the case that the furnishing of said materials was commenced on any other day than that set forth in the statement of the plaintiffs, then they could not recover in the action. And further, that if the plaintiffs after they commenced furnishing materials for the erection of the houses set forth in their statement, executed to the defendant the releases which are in evidence in this cause, then they thereby expressly waived their right to enter any lien upon said houses for any materials furnished for the erection of them. And further, having filed one claim for materials furnished for seven houses owned by the same person, and stated that the amount due to them on each building is the sum of twenty-six dollars and eighty-one cents for the whole materials furnished, and having executed the releases as aforesaid, there is now nothing before the court and jury by which the amount due on each of the buildings can be ascertained, and therefore the plaintiffs cannot recover in the action. And asked the court to so instruct the jury.
Hoffecker for the plaintiffs. The releases in evidence as they are honest admissions by the plaintiffs of honest payments made them by the defendant during the progress of the work upon the buildings and of the furnishing of the materials for the erection of them, they constitute no waiver of the right to file the claim for the honest balance due upon their account therefor, or of their right to a judgment therefor with a lien on the buildings from the dates of the releases respectively, but only discharges of both pro tanto. Establish the doctrine contended for on the other side, and no such claimants as the plaintiffs who hereafter *Page 568 
receives any payment of the amount due him for materials furnished during the erection of the buildings, will be able to avail himself of the benefits of the statute, however large the balance of his account and claim may be. That it was not essential to the validity of the plaintiff's claim that at the time Aaron ordered this hardware in October and November, 1881, the houses should have been actually begun, and they were not bound to follow up the material and see that it went into the property on the credit of which he ordered it, and to which they in good faith charged it as directed by him. That their four receipts for payments being on general account, and not in any way connected with this transaction, are not a bar to their recovery in the action.
The Court,
That to find a verdict for the plaintiffs the statute required that the materials charged for should have been furnished by them on the credit of the buildings in question; and that their releases of all the items in their account stated in the claim filed up to the first day of June, 1881, was to be considered by them the same in effect as a paymentpro tanto upon the account by the defendant. And if upon the evidence before them they should find a verdict for the plaintiffs, they should also find and return with the amount of their verdict the day of the month and year to which the lien of the judgment to be entered upon it shall relate back, for if any part of the account is justly and honestly due them for materials furnished in the erection of the houses under the contract between the parties to the action, the plaintiffs ought to have a verdict and judgment for the amount of it with a lien relating back to the day and year on which the unreleased items or portion of the account commences, and not to the day and year on which the furnishing of the materials was commenced by the plaintiffs. The releases were discharges merely of the lien and liability of the buildings for so much of the materials charged in the account as had been furnished up to that time and no more. *Page 569